month Statute of Limitations applicable to CPLR article 78 proceedings generally (see, CPLR 217 [1]). We therefore modify the judgment by denying respondents' motions in part and reinstating the first and fourth "causes of action" to the extent those "causes of action" are based upon General Municipal Law § 119-o. (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—CPLR art 78.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ JOHN T. HURLEY et al., GENEVIEVE KNORTZ, Respondents, v GEORGE OKRENT et al., Defendants, and UPJOHN COMPANY, Appellant. (Appeal No. 1.) [714 NYS2d 924] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Summary Judgment.) Present— Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ JOHN T. HURLEY et al., Respondents, v GEORGE OKRENT et al., Defendants, and UPJOHN COMPANY, Appellant. (Appeal No. 2.) [714 NYS2d 925] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Kehoe, J. (Appeal from Order of Supreme Court, Monroe County, Kehoe, J.—Renewal.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ MARY A. GURBACKI, Appellant, v ROBERT GURBACKI, Respondent. [714 NYS2d 925] —Judgment unanimously affirmed without costs. Memorandum: Following plaintiff's commencement of this divorce action in December 1994, the parties entered into a written property settlement agreement resolving most of the issues of property distribution. At the parties' request, Supreme Court determined the issue of child support and the distribution of bank accounts and pension funds by order entered August 5, 1998. Defendant appealed from that order, contending that the court erred in its distribution of pension funds, and we modified the order (Gurbacki v Gurbacki, 270 AD2d 807). Plaintiff did not cross-appeal from that order. In now appealing from the judgment of divorce, plaintiff seeks review of that prior order concerning child support and the distribution of bank accounts.

CPLR 5501 (a) (1) provides that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment * * * provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken." Even assuming, arguendo, that the August 5, 1998 order was a non-final order, we conclude that the judgment herein must be af-